UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CAROLE Y. SCHWIMMER,

    Plaintiff,

v.

MONTGOMERY WARD, INC.,
SEVENTH AVENUE, INC., AND
GINNY'S, INC.

    Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

**PARTIES**

3.    Plaintiff, CAROLE Y. SCHWIMMER, is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendants, MONTGOMERY WARD, INC., SEVENTH AVENUE, INC. AND GINNY'S, INC. ("Defendants") are Wisconsin corporations and citizens of the State of Wisconsin with their principal place of business at 1112 Seventh Avenue, Monroe, Wisconsin 53566.

5. Defendants registered agent for service of process is Corporation Service Company, Suite 400, 8040 Excelsior Drive, Madison, Wisconsin 53717.

6. Colony Brands, Inc. is the parent company of all Defendants.

7. Defendants are engaged in mail-order sales of consumer products throughout the United States.

## FACTUAL ALLEGATIONS

8. Commencing during 2013, Defendants, or others acting on their behalf, began leaving pre-recorded messages on Plaintiff's voice mail on her cellular telephone.

9. Defendants, or others acting on their behalf, also placed telephone calls to Plaintiff's cellular telephone and hung-up without leaving a message.

10. Plaintiff is not a customer of Defendants.

11. Plaintiff has no relationship with Defendants.

12. Plaintiff did not provide her cellular telephone number to Defendants or otherwise consent to Defendants automated calls.

13. Some of Defendants messages mention the name of a person who is a stranger to Plaintiff.

14. Defendants placed in excess of 150 calls to Plaintiff's cellular telephone.

15. Each Defendant placed automated telephone calls to Plaintiff's cellular telephone.

16. Defendants calls intruded upon Plaintiff's privacy and solitude.

17. Defendants calls engaged Plaintiff's cellular telephone, precluding its use by other callers.

18. Defendants failed to determine the identity of the cellular subscriber prior to placing repeated calls to Plaintiff's cellular telephone number.

19. Defendants, or others acting on their behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

20. Defendants willfully or knowingly violated the TCPA.

21. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## AGAINST MONTGOMERY WARD, INC.

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant, MONTGOMERY WARD, INC. or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST SEVENTH AVENUE, INC.

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    Defendant, SEVENTH AVENUE, INC. or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST GINNY'S, INC.

26. Plaintiff incorporates Paragraphs 1 through 21.

27. Defendant, GINNY'S or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

 a. Damages;

 b. a declaration that Defendant's calls violate the TCPA;

 c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

 d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      DONALD A. YARBROUGH, ESQ.
      Attorney for Plaintiff
      Post Office Box 11842
      Ft. Lauderdale, FL 33339
      Telephone: 954-537-2000
      Facsimile: 954-566-2235
      don@donyarbrough.com

    By: s/ Donald A. Yarbrough
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658